**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AVONCINNA RAKOCZY ) | |
| *Next Friend*, ) | |
| ) | |
| Petitioner. ) | |
| ) | |
| v. ) | Civil Action No.  26-00561 (UNA) |
| ) | |
| ) | |
| JEANINE F. PIRRO *et al*., ) | |
| ) | |
| Respondents. ) | |

**<u>MEMORANDUM OPINION</u>**

Avoncinna Rakoczy, a resident of Miami, Florida, has filed a "next friend" Petition for Writ of Habeas Corpus and a motion for leave to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP motion and dismisses the case.

Petitioner seeks "to inquire into the present restraint of" Richard Louis Castro "and to determine whether such restraint is lawful in conscience."  Pet. ¶ 1, ECF No. 1.  Based on the full name and register number provided, *id*. ¶ 15, Castro is a federal prisoner designated to Coleman Federal Correctional Institution in Sumterville, Florida.  *See* www.bop.gov/inmateloc.

A "next friend" is not a party to the habeas corpus action "but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  "[N]ext friend standing is by no means granted automatically," *id*., and "the defect of standing is a defect in subject matter jurisdiction."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  The burden rests with the purported next friend to (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action" and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate[.]"  *Whitmore*, 495 U.S. at 163. In other words, the "next friend" must "clearly . . . establish the propriety of his [or her] status [to]

justify the jurisdiction of the court."  *Id*. at 164; *see American Civil Liberties Union Foundation on behalf of Unnamed U.S. Citizen v. Mattis*, 286 F. Supp. 3d 53, 57 (D.D.C. 2017) ("The onus is on the putative next friend to establish the requirements for standing.").

Petitioner's next friend status is based on the assertion that Castro's "custody and restraint" prevents his ability "to personally appear to seek immediate habeas relief."  Pet. ¶ 3.  Not so. Habeas actions challenging custody are initiated by filing a verified written application, 28 U.S.C. § 2242, "directed to" the petitioner's immediate custodian, *id*. § 2243; *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (holding that the habeas petitioner's immediate custodian is the only proper respondent).  The court having personal jurisdiction over the immediate custodian is "required to produce at [a] hearing the body of the person detained."  28 U.S.C. § 2243. Petitioner's inaccessibility claim is unfounded, and a "litigant asserting only a generalized interest in constitutional governance" may not "circumvent the jurisdictional limits of Art. III [standing] simply by assuming the mantle of 'next friend.' "  *Whitmore*, 495 U.S. at 164.  Therefore, this case will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: April 27, 2026